UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK O. COOK                                           CIVIL ACTION

VERSUS                                                    NO: 13-451

KIM SUSAN LLC, et al.                                     SECTION: **"J"** (5)


### ORDER & REASONS

Before the Court is Defendant Quality Preheat and Pressure Washers, Inc. (QPPW)'s **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 52)**, Plaintiff Patrick O. Cook ("Cook")'s opposition thereto (Rec. Doc. 54), and QPPW's reply. (Rec. Doc. 57) QPPW's motion was set for hearing on December 18, 2013, on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL HISTORY

The facts surrounding this personal injury matter will be summarized as alleged by Plaintiff for the purposes of the instant motion. On July 26, 2011, while employed by QPPW, Plaintiff was assigned to clean the tanks aboard the M/V Katrina Fagan, a supply vessel owned by Kim Susan, LLC ("Kim Susan"). The

vessel was moored to a dock owned and maintained by QPPW and/or Coastal Environmental Operations, LLC ("Coastal"). While Plaintiff disembarked the vessel using a gangway connecting the vessel and the dock, the gangway flipped, causing him to fall approximately eight to ten feet and sustain injuries to his lower back and right knee. Plaintiff has been receiving treatment for his injuries and remains off of work pending further treatment. QPPW's workers' compensation insurer, Commerce and Industry Insurance Company, has paid workers' compensation benefits to Plaintiff.

Plaintiff filed a complaint on March 8, 2013 naming Kim Susan and ABC Insurance Company as defendants, and later amended his complaint to add Kim Susan's insurer, First Mercury Insurance Company, as an additional defendant. (Rec. Docs. 1, 14) Plaintiff then filed a Second Amended Complaint that named QPPW, Coastal, and Coastal's unknown insurer as additional defendants and added "vessel negligence" as an additional basis for recovery. (Rec. Doc. 20) In lieu of answering the Second Amended Complaint, QPPW filed the instant motion to dismiss.

## **PARTIES' ARGUMENTS**

QPPW argues that Plaintiff's claims against it must be dismissed because, under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. ("LHWCA"), an employer

is immune from liability for tort claims brought by one of its employees. 33 U.S.C. § 905; Levene v. Pintail Enter. Inc., 943 F.2d 528, 531 (5th Cir. 1991). Plaintiff recognizes the validity of this assertion, but argues that he may bring claims against QPPW pursuant to an exception found in 33 U.S.C. § 905(b) that allows an employee to sue its "dual capacity" employer for vessel negligence. 22 U.S.C. § 905(b). Plainitiff argues that QPPW fits into this exception because it is the owner pro hac vice of the M/V Katrina Fagan. In its reply, QPPW maintains that Plaintiff does not sufficiently allege that QPPW was the owner pro hac vice of the vessel.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547

(2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## DISCUSSION

The parties agree that, under LHWCA, an employer is generally immune from liability for tort claims brought by one of its employees. 33 U.S.C. § 905; Levene v. Pintail Enter. Inc., 943 F.2d 528, 531 (5th Cir. 1991). They dispute, however, whether the exception found in § 905(b) applies to the instant facts. Section 905(b) allows a plaintiff to sue his employer for vessel negligence only if the defendant is both the employer and either (a) the vessel owner, or (b) the vessel owner pro hac vice. Id. Because it is undisputed that QPPW was not the vessel owner, the issue is whether Plaintiff sufficiently alleges that QPPW was the owner pro hac vice of the M/V Katrina Fagan. The Court finds that the Plaintiff has failed to do so.

The Fifth Circuit has held that:

> For (pro hac vice) ownership to be found, it is generally necessary for the defendants' relationship to be that of shipowner-bareboat charterer. Such a relationship is materially different from that of shipowner-ship repairer or shipowner-stevedore. (T)he charterer takes over the ship, lock, stock and barrel, and mans her with his own people. He becomes ... the owner pro hac vice just as does the lessee of a house and lot, to whom the demise charterer is analogous. Though the ship repairer is a bailee, and to that extent is like a charterer, he plainly does not have the degree of control over the vessel that the charterer, the owner pro hac vice, has.

Ducote v. Int'l Operating Co. of La., Inc., 678 F.2d 543, 545 (5th Cir. 1982) (internal citations omitted); see also Gautreaux v. Tetra Applied Technologies, LLC, No. 08-4645, 2010 WL 1930925 *9 (E.D. La., May 10, 2010) (Berrigan, J.) The Ducote court further noted that a cargo terminal company's performance of "incidental operations," such as cleaning and loading the vessel at the direction of the vessel owner, "certainly do not make [the cargo terminal company] the owner pro hac vice" of the vessel. Ducote, 678 F.2d at 545.

Here, Plaintiff alleges that Kim Susan is the owner of the vessel and that QPPW was "providing services, including tank cleaning and pressure washing, to the vessel pursuant to an agreement with the owners and/or charterers of the vessel." (Rec. Doc. 1, ¶ III; Rec. Doc. 20, ¶ V(a)) Nowhere in Plaintiff's complaints does he claim that QPPW had control of the vessel at all, let alone the same level of control that a charterer would

have. Thus, even taking all of the allegations as true, Plaintiff's Complaint makes it clear that QPPW's services fall squarely within the situation described in Ducote and that QPPW could not be found to be the owner pro hac vice of the vessel. Therefore, the "dual capacity" exception found in 33 U.S.C. § 905(b) does not apply to the instant matter, and the general rule that the employer is immune from tort liability shields QPPW from liability in this matter. 33 U.S.C. § 905(a).

Accordingly,

Quality Preheat and Pressure Washers Inc.'s **12(b)(6) Motion to Dismiss (Rec. Doc. 52)** is **GRANTED.**

**IT IS ORDERED** that all claims by Plaintiff Patrick O. Cook against Quality Preheat and Pressure Washers Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 20th day of December, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE