```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


   COOK                                    CIVIL ACTION

   VERSUS                                  NO: 13-451

   KIM SUSAN LLC ET AL.                    SECTION: "J" (5)
```

### ORDER & REASONS

Before the Court is Plaintiff Patrick Cook's *Motion for Partial Summary Judgment* **(Rec. Doc. 102)** and oppositions thereto filed by Defendants Kim Susan, LLC, Coastal Environmental Operations, Inc., and Fluid Technology Services International, LLC (Rec. Doc. 105), as well as Defendant First Mercury Insurance Company. (Rec. Doc. 106) Having considered the motions and memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This personal injury claim arises from an accident Plaintiff endured while disembarking from the M/V Katrina Fagan, a vessel owned and operated by Kim Susan. (Rec. Doc. 102-11, p. 1) Plaintiff alleges that the vessel was under charter to McMoran Oil and Gas Co. at all relevant times. Id. McMoran contracted with Quality Pre-Heat and Pressure Washers and Coastal Environmental Operations, LLC to clean the tanks aboard the vessel. Id. at 2. McMoran also contracted with Fluid

Technology Services International, LLC to supervise the tank cleaning operations. Id. Plaintiff's employer, Quality Pre-Heat and Pressure Washers, assigned him to work as a tank cleaner aboard the M/V Katrina Fagan. Id.

While Plaintiff disembarked the vessel by descending the gangway on July 26, 2011, the gangway flipped. Id. Plaintiff fell from the gangway to the dock below and landed on his knees, causing injury. Id. At the time of the accident, the gangway was secured at the top to the ship with ropes tied to the top of the bulwarks rather than to the deck of the vessel. Id. at 3. At the bottom, the gangway rested on a small, movable set of stairs on the dock. Id.; (Rec. Doc. 105, p. 1).

Plaintiff filed suit in this Court on March 8, 2013, against Kim Susan, LLC, and its insurer. (Rec. Doc. 1) In his complaint, Plaintiff alleged that the acts or omissions of Kim Susan, LLC and its crew caused his injury through the improperly positioned gangway. Id. at 2-3. Plaintiff further alleged that Kim Susan, LLC's conduct amounted to negligence per se because it failed to provide a safe means of ingress and egress to the vessel, in violation of Coast Guard regulation. Id. at 3. Plaintiff seeks judgment for "an amount reasonable in the premises, punitive damages, costs, and any other relief which may be available under the law or in equity plus legal interest on all amounts awarded from the date of judicial demand until

paid." Id. at 4. Plaintiff subsequently amended his complaint to add additional Defendants. (Rec. Docs. 14, 20, 68)

On January 2, 2015, Plaintiff filed the instant *Motion for Partial Summary Judgment* on the issue of Defendant Kim Susan, LLC's liability for the accident, reserving for trial the issue of Plaintiff's injuries and damages. **(Rec. Doc. 102)** Defendants opposed the motion on January 20, 2015. (Rec. Docs. 105, 106)

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a

reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

4

**PARTIES' ARGUMENTS AND DISCUSSION**

Plaintiff argues that he is entitled to judgment as a matter of law on the issue of Defendant Kim Susan, LLC's liability. (Rec. Doc. 102) First, Plaintiff asserts that maritime law encompasses the gangway as an appurtenance of the vessel. (Rec. Doc. 102-11, p. 4) Additionally, the "vessel owner retains responsibility for providing a reasonably safe means of access for those boarding or leaving the vessel." Id. Second, Plaintiff argues that Kim Susan, LLC owed a duty to Plaintiff. Under Scindia Steam Navigation Co., Ltd. v. De Los Santos, 451 U.S. 156 (1981), a vessel owner must ensure the vessel is reasonably safe for its stevedore and longshoremen employees when they commence work, protect against hazards arising in areas under the vessel's active control, and warn of any hazards on its ship that are known to the vessel or should be known by the vessel that the employees would likely encounter in the exercise of their duties but would not likely notice or anticipate. Id. at 4-5. Subsequent authority from the U.S. Court of Appeals for the Fifth Circuit extended this duty to independent contractors of the vessel owner. Id. at 5. In addition to these duties, Kim Susan, LLC also must provide safe access to its vessel under Occupational Safety and Health

Administration (OSHA) regulation, 29 C.F.R. § 1915.74.[1] Id. at 5-6. Third, Plaintiff contends that the improper positioning of the gangway amounts to a violation of the duty owed under the Scindia line of cases as well as OSHA regulations, which constitutes negligence per se. Id. at 6-11. Plaintiff asserts that the "undisputed evidence" supports this contention. Id.

Defendants Kim Susan, LLC, Coastal Environmental Operations, Inc., and Fluid Technology Services International, LLC argue that there is a disputed issue of material fact that precludes summary judgment on the issue of Kim Susan, LLC's liability. (Rec. Doc. 105) Specifically, the deposition testimony of eyewitness Jesus Barrios suggests that the cause of the fall was not the alleged improper positioning of the gangway. Id. at 3-4. Rather, the accident occurred when Plaintiff's coworker, who walked down the gangway ahead of Plaintiff, jerked the hose that he had been carrying and that had become stuck under the gangway. Id. Barrios testified, "That is actually—to me, that is what caused the accident." Id. at 3. According to Plaintiff, Defendant Kim Susan, LLC is negligent per se because it violated a regulation, Plaintiff is among the class of the regulation's intended beneficiaries, the regulation was intended to prevent injuries such as those suffered by

---

[1] This OSHA regulation mandates that an employer provide safe access to vessels afloat before permitting employees to board or leave the vessel. Relevant here, the regulation requires the use of a gangway "maintained in safe repair and safely secured." 29 C.F.R. § 1915.74.

6

Plaintiff, the violation was unexcused, and the violation caused the injury. Id. at 6 (recounting Plaintiff's motion). Defendant argues, however, that Plaintiff cannot conclusively prove the fifth element, causation, as a result of Barrios' conflicting testimony. Id. Defendants therefore insist that summary judgment is inappropriate as to the issue of Kim Susan, LLC's liability.[2]

As an initial matter, the Court notes that Plaintiff does not address the issue of whether the violation of an OSHA regulation by Kim Susan, LLC could give rise to a claim of negligence per se by Plaintiff, who is not Kim Susan, LLC's employee. See Martino v. Kiewit New Mexico Corp., No. 13-50425, 2015 WL 366455, at * (5th Cir. Jan. 29, 2015)(citing Melerine v. Avondale Shipyards, Inc., 659 F.2d 706, 710-11 (5th Cir. Unit A Oct. 1981)(restating the general rule of the Fifth Circuit requiring a plaintiff relying upon the violation of an OSHA regulation to support a finding of negligence per se to be an employee of the party in violation); 1 ROBERT FORCE & MARTIN J. NORRIS, THE LAW OF MARITIME PERSONAL INJURIES § 8:6 (5th ed. 2004); see also (Rec. Doc. 102-11)("Additionally, although Scindia discussed the respective duties of a vessel owner and stevedore, subsequent Fifth Circuit jurisprudence has made it clear that the rationale of Scindia applies equally to questions of vessel

---

[2] In its opposition, Defendant First Mercury Insurance Company adopts the arguments of the other Defendants. (Rec. Doc. 106) Consequently, the Court will not individually address First Mercury Insurance Company's opposition.

owner liability for injuries to employees of an independent contractor working aboard the vessel *such as Mr. Cook.*" (emphasis added)). Moreover, the Court agrees with Defendants that a disputed issue of material fact regarding causation precludes summary judgment in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* **(Rec. Doc. 102)** is **DENIED**.

New Orleans, Louisiana this 4th day of February, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE